PER CURIAM:
Claimant Silas Thomas Hall brought this action for damage to his 1990 BMW. His sister Margaret L. Hall was driving his vehicle when it struck a large hole on State Route 65 in Delbarton, Mingo County. This portion of State Route 65 is maintained by the respondent in Mingo County. The Court is of the opinion to make an award in this claim for the reasons stated more fully below.
The incident giving rise to this claim, occurred on May 11, 2000, at *81 approximately 9:00 p.m. Ms. Hall was driving in a northeasterly direction. It was dark outside and she had the vehicle headlights on. The weather was clear and the road was dry. There was very little traffic on the road at this time. Ms. Hall was following a co-worker home after work. She was traveling at approximately forty five miles per hour which is the posted speed limit. As she drove around a sharp curve, an oncoming coal truck was on the center line forcing her to maneuver the vehicle to the right edge of the road. The vehicle struck a large hole immediately bursting the two passenger side tires. The force of the impact also damaged two rims and caused a hubcap to be lost. Ms. Hall submitted photographs which demonstrated that the hole extended approximately three or four inches into the travel portion of the road. The photographs also demonstrated that the hole completely covered the white edge line of the road and it was also at least five feet in length. Ms. Hall testified that she traveled this road often, but that it had probably been a month since she last traveled it prior to this incident. She had prior knowledge of this hole and stated that it had been there for a significant period of time. However, she testified that she could not avoid the hole due to the danger of the oncoming coal truck and the nature of the sharp curve. Claimant submitted a repair estimate for the two damaged rims and the hubcap plus tax in the amount of $803.71. Claimant also submitted a repair estimate for the replacement of the two damaged tires in the amount of $107.98. Claimant asserts that respondent knew or should have known of this hole and that it presented a hazard to the traveling public.
Respondent asserts that it did not have notice of this particular hole on State Route 65. Cecil Collins, a Transportation II employee for the respondent in Mingo County, testified that it is his general responsibility to oversee highway maintenance, including the section of State Route 65 at issue in this claim. He is familiar with the road and he stated that State Route 65 is a two-lane, blacktop highway with double yellow lines and white lines on the edges. It is a priority one highway. According to Mr. Collins, the width of the road varies depending on the exact location. The wider portions of State Route 65 are ten to eleven feet in each lane. However, he stated that at the location of this incident the width of each lane is probably only nine feet. He testified that he was not aware of this particular hole and he was not aware any employee in the maintenance department that had knowledge of this hole until after this incident. He also stated that there was a major repair job performed on State Route 65 within the last four years which included work on the berm, improvements to the drainage systems and re-pavement of the road. However, Mr. Collins admitted that he could not determine why a hole this size would be present. He stated that it appeared to be an old wooden culvert that had deteriorated over the years and rotted away causing a portion of the road to break away as well.
The State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va. 1947). To hold the respondent liable, the claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to make adequate repairs. Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985). In this claim, respondent did not have actual notice of the hole. However, the claimant established by a preponderance of the evidence that respondent had constructive notice of this hple. The size of this hole as well as its location leads the Court to conclude that the hole has been in existence for a period of time long enough for the respondent to have made adequate repairs. The size of the hole and its location created a hazardous condition for the traveling public. Thus, the Court finds that respondent was negligent and that this negligence was the proximate cause *82 of the damages to claimant’s vehicle.
Accordingly, the Court makes an award to the claimant in the amount of $911.69.
Award of $911.69.